UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| LEILA GAUGHRAN ) | ECF CASE |
| ) | |
| Plaintiff ) | Case Number: |
| ) | |
| vs. ) | |
| ) | CIVIL COMPLAINT |
| GLOBAL CREDIT & COLELCTION ) | |
| CORP ) | |
| & ) | |
| ) | |
| CAPITAL ONE BANK (USA) N.A. ) | |
| ) | JURY TRIAL DEMANDED |
| Defendants ) | |
| ) | |

## COMPLAINT AND JURY DEMAND

**COMES NOW**, Plaintiff, Leila Gaughran, by and through her undersigned counsel, Bruce K. Warren, Esquire of Warren & Vullings, LLP, complaining of Defendant, and respectfully avers as follows:

### I. INTRODUCTORY STATEMENT

1. Plaintiff, Leila Gaughran, is an adult natural person and brings this action for actual and statutory damages and other relief against Defendant, Global Credit & Collection, for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices as well as violations of Michigan's Collection Practices Act 70 of 1981 and violations of Michigan's Occupational Code , this action is also brought against Defendant, Capital One Bank, for violations of Michigan's Collection Practices Act 70 of 1981 and violations of Michigan's Occupational Code, as well as against both Defendants for Breach of Contract.

## II. JURISDICTION

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337.

3. Venue in this District is proper in that Defendant, Global Credit, maintains a primary location in this District.

## III. PARTIES

4. Plaintiff, Leila Gaughran, is an adult natural person residing at 619 Spartan Avenue, East Lansing, Michigan 48823. At all times material and relevant hereto, Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a (2).

5. Defendant, Global Credit & Collection Corp, ("Defendant, Global Credit"), at all times relevant hereto, is a corporation engaged in the business of collecting debt within the state of New York and the state of Michigan, with a primary address located at 300 International Drive, Suite 100, Williamsville, NY 14221.

6. Defendant, Capital One Bank, (USA) N.A., ("Defendant, Capital One") at all times relevant hereto, is and was a corporation in the business of providing financial services nationwide, as well as collecting and reporting on debt incurred by those services, including but not limited to, the state of New York and the state of Michigan with a principal place of business located at 1680 Capital One Dr., Mc Lean, VA 22102.

7. Defendants are engaged in the collection of debts from consumers using the telephone and mail. Defendant, Global Credit, is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

## IV. FACTUAL ALLEGATIONS

8. On or about November 18, 2010, Plaintiff with assistance from her personal legal counsel entered into a settlement arrangement with Defendant, Global Credit on a debt allegedly owed to Defendant, Capital One. **See "EXHIBIT A" (settlement letter) attached hereto**.

9. Defendant, Global Credit, stated that they were duly authorized to act on behalf of Defendant, Capital One.

10. Plaintiff was said to owe approximately $3,849.23.

11. Defendant, Global Credit, offered the Plaintiff the opportunity to settle the above referenced account for $1,723.00.

12. Plaintiff was to make three (3) initial payments of $40.00 from December 12, 2010, through February 12, 2011 to Defendant, Global Credit.

13. Plaintiff was to then make monthly payments of $146.00 starting in March 12, 2011 through December 12, 2011.

14. Plaintiff's final payment in the amount of $143.00 was to be made to Defendant, Global Credit, by 3:00pm on or before January 12, 2012.

15. Along with their personal attorney Plaintiff made payments on time to Defendant, Global Credit, up until July, 2011.

16. On or about July 18, 2011, Defendant, Global Credit, returned Plaintiff's payment along with a letter that stated that Plaintiff's account had been returned to Defendant, Capital One. **See "EXHIBIT B" (letter) attached hereto**.

17. Defendant, Global Credit's, letter also erroneously stated that they had been sent "post dated" checks to be processed as payment.

18. Defendant, Global Credit, was never issued "post dated" checks in this matter.

19. Plaintiff had already sent her payment for August, 2011.

20. On or about August 12, 2011, Defendant, Global Credit, also returned that payment.  See **"EXHIBIT C" (letter and check) attached hereto**.

21. Defendant, Global Credit, again falsely stated that they had been sent "post dated" checks.

22. Defendant, Global Credit, did not state why the account had been returned to Defendant, Capital One.

23. Plaintiff was told to contact Defendant, Capital One, directly to set up new payment arrangement on this account.

24. On or about September 8, 2011, Plaintiff's legal counsel contacted Defendant, Capital One, and spoke with an agent by the name of "Ms. Banks", in regards to the settlement that was in place with Defendant, Global Credit.

25. Defendant, Capital One's, agent, "Ms. Banks", informed Plaintiff's attorney that the only way that Defendant, Capital One, would honor the settlement the Plaintiff had with Defendant, Global Credit, was if they received a "check by phone" that day.

26. Plaintiff's attorney was unable to do a "check by phone" that same day.

27. Defendant, Capital One, stated that all that could be done was to credit any payments that the Plaintiff had made to the original balance due.

28. Defendant, Capital One, declined to honor the settlement that was in place with Defendant, Global credit.

29. Defendant, Capital One's, agent, "Ms. Banks", informed Plaintiff's attorney that collection efforts would continue on the Plaintiff.

30. Defendant, Global Credit and Defendant, Capital One, have failed to honor the settlement agreement that was promised and in place between themselves, and the Plaintiff.

31. This breach is at no fault of the Plaintiff, who was making payments as agreed upon.

32. The Defendants, Global Credit, and Capital One, both acted in a false, deceptive, misleading and unfair manner when they engaged in conduct the natural consequences of which is to harass, oppress, or abuse such person in connection with the collection of a debt.

33. The Defendant, Global Credit, knew or should have known that their actions violated the FDCPA. Additionally, Defendant, Global Credit, could have taken the steps necessary to bring their and their agent's actions within compliance of the FDCPA, but neglected to do so and failed to adequately review those actions to insure compliance with the law.

34. At all times pertinent hereto, Defendant, Global Credit, was acting by and through their agents, servants and/or employees, who were acting with the scope and course of their employment and under the direct supervision and control of Defendant, Global Credit, herein.

35. At all times pertinent hereto, the conduct of Defendants, Global Credit and Capital One, as well as their agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiff herein.

36. As a result of Defendants, Global Credit and Capital One's, conduct, Plaintiff has sustained actual damages, including, but not limited to, injury to Plaintiff's reputation, invasion of privacy, damage to Plaintiff's credit, out-of-pocket expenses, physical, emotional and mental pain and anguish and pecuniary loss and she will continue to suffer same for an indefinite time in the future, all to her great detriment and loss.

## COUNT I – FDCPA

### Plaintiff v. Global Credit & Collection Corp.

37. The above paragraphs are hereby incorporated herein by reference.

38. At all times relevant hereto, Defendant, Global Credit, was attempting to collect an alleged debt which was incurred by Plaintiff for personal, family or household purposes and is a "debt" as defined by 15 U.S.C. § 1692a(5).

39. The foregoing acts and omissions constitute violations of the FDCPA, including but not limited to, violations of:

| | | |
|---|---|---|
| §§ 1692d: | | Any conduct the natural consequence of which is to harass, oppress, or abuse any person |
| §§ 1692e: | | Any other false, deceptive, or misleading representation or means in connection with the debt collection |
| §§ 1692e(10): | | Any false representation or deceptive means to collect a debt or obtain information about a consumer |
| §§ 1692f: | | Any unfair or unconscionable means to collect or attempt to collect the alleged debt |

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendant, Global Credit, for the following:

a. Actual damages;

b. Statutory damages pursuant to 15 U.S.C. § 1692k;

c. Reasonable attorney's fees and litigation expenses, plus costs of suit; and

d. Such additional and further relief as may be appropriate or that the interests of justice require.

## COUNT II - REGULATION OF MICHIGAN'S

## COLLECTION PRACTICES ACT 70 OF 1981 - PROHIBITED ACTS

### Plaintiff v. Global Credit and Capital One

40. Plaintiff realleges all prior paragraphs of this complaint as though fully set forth herein.

41. At all relevant times there was in effect the Regulation of Collection Practices Act 70 of 1981.

42. Section 445.252 of the Act provides, in pertinent part a regulated person shall not commit one (1) or more of the following acts:

    (a) Communicating with a debtor in a misleading or deceptive manner;

    (b) Making an inaccurate, misleading, untrue, or deceptive statement or claim in a communication to collect a debt or concealing or not revealing the purpose of the communication when it is made in connection with collecting a debt;

    (c) Using a harassing, oppressive, or abusive method to collect a debt,

    (d) Failing to implement a procedure designed to prevent a violation by a collection company employee;

43. In an action brought under this act, if the court finds that a regulated person has willfully violated this act, the attorney general, upon petition to the court, may recover, on behalf of the state, a civil fine not exceeding $500.00 per violation.

44. A regulated person engaging in a recurring course of willful conduct in violation of this act shall be fined not more than $5,000.00 for the first offense, and not more than

$10,000.00 or imprisoned for not more than one (1) year, or both, for a second or subsequent offense.

45. A person who suffers injury, loss, or damage, or from whom money was collected by the use of a method, act or practice in violation of this act may bring an action for damages or other equitable relief.

46. In an action brought pursuant to subsection (1), if the court finds the petitioner, recovery shall be in the amount of actual damages or $50.00 whichever is greater.  If the court finds that a method, act or practice was a willful violation, the court may access a civil fine of not less than three (3) times the actual damages or $150.00 whichever is greater, and shall award a reasonable attorney's fees and court incurred in connection with the action.

## COUNT III  - VIOLATIONS OF

## THE MICHIGAN OCCUPATIONAL CODE - M.C.L. 339.901 et seq,

### Plaintiff v. Global Credit and Capital One

47. Plaintiff realleges all prior paragraphs of this complaint as though fully set forth herein.

48. At all relevant times there was in effect the Michigan Occupational Code.

49. In pertinent part a regulated person shall not commit one (1) or more of the following prohibited acts in 339.915:

    (a) Communicating with a debtor in a misleading manner;

    (b) Making an inaccurate, misleading, untrue, or deceptive statement or claim in connection with collecting a debt or concealing or not revealing the purpose of a communication when it is made in connection with collecting a debt;

50. As a result of the above violation of the Michigan Code, the Defendants are liable to the Plaintiff for statutory damages, actual damages, costs and attorney fees.

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendants, Global Credit and Capital One, for the following:

a. Actual damages;

b. Statutory damages pursuant to 15 U.S.C. § 1692k;

c. Reasonable attorney's fees and litigation expenses, plus costs of suit; and

d. Such additional and further relief as may be appropriate or that the interests of justice require.

### COUNT IV - BREACH OF CONTRACT

### Plaintiff v. Global Credit and Capital One

51. The above paragraphs are hereby incorporated herein by reference.

52. The facts set forth herein establish that there was a contractual relationship between the parties, whereby the Defendants, Global Credit and Capital One, promised to the Plaintiff the opportunity to participate in an agreed upon settlement. Plaintiff accepted the invitation that was offered and agreed to participate in the settlement.

53. Plaintiff fulfilled his contractual obligation by making payment timely.

54. Defendants, Global Credit and Capital One, failed to abide by the contract terms.

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendants, Global Credit and Capital One, for the following:

a. Actual damages;

b. Reasonable attorney's fees and litigation expenses, plus costs of suit; and

c. Such additional and further relief as may be appropriate or that the interests of justice require.

## V. JURY DEMAND

Plaintiff hereby demands a jury trial as to all issues herein.

**Respectfully submitted,**

**WARREN & VULLINGS, LLP**

**Date: September 15, 2011**      **BY:**_____
Bruce K. Warren, Esquire


Warren & Vullings, LLP
93 Old York Road
Suite 333
Jenkintown, PA 19046
215-745-9800   Fax 215-745-7880
Attorney for Plaintiff